UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IZZAT NAZER,<br><br>                             Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA; OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE; CENTRAL INTELLIGENCE AGENCY; NATIONAL SECURITY AGENCY; DEPARTMENT OF HOMELAND SECURITY; FEDERAL BUREAU OF INVESTIGATION,<br><br>                             Defendants. | 20-CV-6836 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, invokes the Court's federal question jurisdiction, alleging that Defendants violated his federal constitutional rights. By order dated September 8, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

**BACKGROUND**

Plaintiff brings his claims using the Court's general complaint form, and states that his claims arose between 2009 and 2020 in Las Vegas, Nevada, Florida, New York, California, Netherlands, Switzerland, Lebanon, UAE, Latvia, Russia, and Norway. (ECF No. 2, at 5.)

The "Facts" section of the complaint reads in its entirety (verbatim):

> The U.S. government has persecuted plaintiff through their agents of intelligence agencies. The basis for their actions where my national origin & perceived religious faith. The government abused its power & racially profiled plaintiff to exercise bigotful hate & prejudice upon Plaintiff. Detailed facts and events are attached separately through electronic filing with the clerk. The primary objective of the gov. actions where to deny Plaintiff of enjoyment of life & the result was as such, and extended over a decade. Gov. used their powers to reinforce harmful psychological processes & to torment plantiff. Gov. actions where very wrong & ugly but they where no mistake, they were deliberate.

(*Id.* at 5-6.)

Plaintiff seeks "$821 Million dollars in restitutional damages" and "$5 Billion dollars in punitive damages." (*Id.* at 6.)

**DISCUSSION**

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely.[1] *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

---

[1] The Court notes that Plaintiff filed a similar action in the United States District Court for the Middle District of Florida in which he named as defendants the United States, Department of Homeland Security, Office of the Director of National Intelligence, and Central Intelligence Agency. *See Nazer v. Fed. Bureau of Investigation*, No. 8:15-CV-2465 (JDW) (JSS) (M.D. Fla. June 2, 2017), *aff'd*, No. 17-12582-JJ (11th Cir. 2018). In that action, Plaintiff's complaint "included allegations of 'psychological warfare on a subject unaware of such methods,' being 'chipped with a Trap & Trace electronic surveillance device in his body,' and 'being given food which influenced his mental state,' as part of the defendants' 'master plan' to 'force Plaintiff into an ideological state of resentment towards the world so that he would join enemies of the state and become unknowingly a tool for spying on defendants' foreign enemies.'" *Id.* at 3 (quoting the Amended Complaint). The court dismissed the Second Amended Complaint for failure to state a claim, characterizing Plaintiff's allegations as "largely

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  September 23, 2020
        New York, New York

*[signature]*

COLLEEN McMAHON
Chief United States District Judge

---

unintelligible." *Id.*