UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IZZAT NAZER,

                Plaintiff,

-against-

UNITED STATES OF AMERICA; OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE; CENTRAL INTELLIGENCE AGENCY; NATIONAL SECURITY AGENCY; DEPARTMENT OF HOMELAND SECURITY; FEDERAL BUREAU OF INVESTIGATION,

                Defendants.

20-CV-6836 (CM)

ORDER

COLLEEN McMAHON, United States District Judge:

By order dated September 23, 2020, the Court dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous, and the Clerk of Court entered judgment on the same day. (ECF 4, 5.) On October 6, 2020, Plaintiff filed a "request to reopen the case." (ECF 6.) By order dated October 15, 2020, the Court construed Plaintiff's submission as a motion for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b), and denied the motion. (ECF 9.)

On November 25, 2020, the Court received from Plaintiff a notice of appeal (ECF 12) and a motion for an extension of time to file a notice of appeal (ECF 11.) For the reasons set forth below, the Court grants Plaintiff's motion for an extension to file a notice of appeal.

## DISCUSSION

A litigant has 30 days from the entry date of the order or judgment he wishes to challenge to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). If a party files a timely Rule 59(e) motion, the time to file a notice of appeal does not begin to run until the entry date of the order disposing of the Rule 59(e) motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv). The Court entered its order of

dismissal and judgment on September 23, 2020, and Plaintiff filed a timely Rule 59(e) motion on October 6, 2020. The time to file a notice of appeal therefore began to run on October 15, 2020, when the Court denied Plaintiff's Rule 59(e) motion. Thus, Plaintiff had until November 16, 2020, to file a notice of appeal.[1] Because Plaintiff did not file his notice of appeal until November 25, 2020, his notice of appeal is untimely.

Under Rule 4(a)(5) of the Federal Rules of Appellate Procedure, however, a litigant may seek an extension of time to file a notice of appeal. The motion for an extension of time must be filed within 30 days of the expiration of the period to file a notice of appeal, and must also show excusable neglect or good cause. Fed. R. App. 4(a)(5)(A)(i), (ii). Plaintiff had until December 16, 2020, to file a motion for an extension of time. Plaintiff timely filed his motion on November 25, 2020.

Plaintiff has also established good cause for failing to file a timely notice of appeal. Plaintiff alleges that he was homeless at the time and did not receive the order of dismissal at the shelter at which he was staying. (ECF 11.) Plaintiff instead physically obtained a copy from the Clerk's Office on November 18, 2020. (*Id.*)

The Court therefore grants Plaintiff's motion for an extension of time to file a notice of appeal. (ECF 11.)

## CONCLUSION

The Court grants Plaintiff's motion for an extension of time to file a notice of appeal. (ECF 11.)

---

[1] The last day of the 30-day period in which Plaintiff could have filed a timely notice of appeal actually fell on Saturday, November 14, 2020. Because the last day of that period fell on a Saturday, the period was extended to the next court business day, Monday, November 16, 2020. *See* Fed. R. App. P. 26(a)(1)(C).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 14, 2021
       New York, New York

                                        COLLEEN McMAHON
                                      United States District Judge